IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 13 2015

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

HARVEY TORRES

                Plaintiff,

-against-

MIDLAND FUNDING, LLC
A California Corporation;

LAW OFFICE OF STEPHEN P. LAMB
An Arkansas Corporation;

STEPHEN P. LAMB; and

MAC GOLDEN

                Defendants.

Civil Action No. 3:15cv205-DPM

**JURY TRIAL DEMANDED**

This case assigned to District Judge Marshall
and to Magistrate Judge Kearl

## ORIGINAL COMPLAINT

Plaintiff, Harvey Torres (hereinafter "Torres"), by his undersigned counsel brings this action against Defendant Midland Funding, LLC (hereinafter "Midland"), Law Office of Stephan P. Lamb, Stephen P. Lamb, and Mac Golden, and states:

### INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (hereinafter "FDCPA") and the Arkansas Deceptive Trade Practices Act, § 4-88-101 *et. seq.* (hereinafter "ADTPA").

1

## STATEMENT OF JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §1391, 15 U.S.C. §1692k(d) and 28 U.S.C. § 1367 for pendant State law claims.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* and Act, Ark. Code Ann. violations of the Arkansas Deceptive Trade Practices §4-88-107(a)(10).

4. The acts and events complained of in this Complaint occurred within Craighead, County, Arkansas.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred in the Eastern District of Arkansas, Plaintiff resides here and Defendant transacts business here.

## PARTIES TO THE CLAIM

6. The averments set forth in paragraphs 1-5 are adopted herein and incorporated as if set forth word for word.

7. Torres is a natural person who resides in Brookland, Craighead County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d.

8. At the time of the incident described further herein, Midland was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

9. Midland is being served via its registered agent:

Corporation Service Company
300 Spring Building, Suite 900

>300 S. Spring Street
>Little Rock, AR  72201

10.    At the time of the incident described further herein, Law Office of Stephen P. Lamb was a corporation duly authorized to conduct business in the State of Arkansas that operates from its home office and principal place of business at 85 Pineview Drive, Beebe, Arkansas 72012. The Law Office of Stephen P. Lamb is actively engaged in a debt collection practice and is a "debt collector," as that term is defined by 15 U.S.C. §1692a(6), and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

11.    Law Office of Stephen P. Lamb is being served via its registered agent:

>Stephen Paul Lamb, Esq.
>85 Pineview Drive
>Beebe, AR  72012

12.    Stephen P. Lamb is an attorney licensed to practice law in Arkansas and actively engages in a debt collection practice. Lamb operates from his office at 85 Pineview Drive, Beebe, Arkansas 72012. Lamb is a "debt collector," as that term is defined by 15 U.S.C. §1692a(6), and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

13.    Mac Golden is an attorney licensed to practice law in Arkansas and actively engages in a debt collection practice. Lamb operates from his office at 85 Pineview Drive, Beebe, Arkansas 72012. Golden is a "debt collector," as that term is defined by 15 U.S.C. §1692a(6), and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

## FACTUAL BACKGROUND

14.    The averments set forth in paragraphs 1-13 are adopted herein and incorporated as if set forth word for word.

15.    Midland filed a lawsuit against Torres in the District Court of Saline County, Arkansas on July 14, 2014 alleging a consumer debt.

16. The lawsuit and attached affidavit alleges Torres received a credit account from Midland's predecessor in interest, as detailed by the documents attached thereto upon which the claim is based. That Torres made various charges on the account, leaving an outstanding balance due. Midland obtained by assignment all rights, titles and interest to the account. The last date of payment on account was 02/12/2014. The outstanding debt remains unpaid despite the demands of Midland. Midland asserted it was entitled to an amount of $4,597.14, for all court costs and an attorney's fee. A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

17. Torres did not have a credit card account with HSBC Bank, N.A., predecessor in interest to Midland Funding, LLC.

18. During the course of attempting to collect the alleged debt, an agent and/or employee of Midland Funding, LLC, Law Office of Stephen P. Lamb, Stephen P. Lamb, and Mac Golden contacted Torres and threatened to have Torres thrown in jail if he did not pay the alleged debt. Torres, in mourning for the recent death of his wife and with fear for who would care for his children if he was jailed, paid the debt. As a result, he incurred actual damages in the amount of said payment.

19. That the call to Torres in an attempt to collect the alleged debt were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

20. As a result of the acts alleged above, Torres has suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. The averments set forth in paragraphs 1-20 are adopted herein and incorporated as if set forth word for word.

22. Midland, Law Office of Stephen P. Lamb, Stephen Lamb, and Mac Golden violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) By not attaching the agreement upon which Defendants were suing, Defendants are making a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

(b) By not attaching the agreement upon which Defendants were suing, Defendants were engaging in unfair or unconscionable means in their attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

(c) Defendants have attached no contractual authorization from the original creditor that the original creditor was authorized to assign, transfer or sell Torres' alleged account; therefore, Defendants are in violation of 15 U.S.C. § 1692e(5) as Defendants have evidenced no standing to sue Torres and is taking action it cannot legally take.

(d) Defendants are in violation of 15 U.S.C. § 1692e(10) by making false representations and engaging in deceptive means in attempting to collect the debt by their inability to document any agreement between Torres and any creditor.

(e) Defendants are in violation of 15 U.S.C. § 1692e(10) by making false representations and engaging in deceptive means in attempting to collect the debt by threatening Torres with jail unless he paid the alleged debt.

(f) At the time Defendants commenced the action against Torres, Defendants' possessed insufficient evidence and intended to not further investigate in violation of 15 U.S.C. § 1692e(5).

(g) Defendants failed to send Torres written notice, within five days after their initial communication, containing the information required under 15 U.S.C. § 1692g(a).

5

23. Defendants' conduct violates the FDCPA for which strict liability applies pursuant to 15 U.S.C. §1692, et seq.

24. As a direct and proximate result of the above violations of the FDCPA, Defendants are liable to Torres for:

(a) Statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A);

(b) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

(c) Actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3).

## VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT

25. The averments set forth in paragraphs 1-24 are adopted herein and incorporated as if set forth word for word.

26. By attempting to collect from Torres when he did not have an account HSBC Bank, N.A., predecessor in interest to Midland Funding, LLC, Defendants were engaged in false and deceptive acts pursuant to Ark. Code Ann. § 4-88-107(a)(10).

27. By attempting to collect the alleged debt using threats of jail to entice Torres to pay, Defendants engaged in false and deceptive acts pursuant to Ark. Code Ann. § 4-88-107(a)(10).

28. As a direct and proximate result of the above violations of the FDCPA, Defendants are liable to Torres for actual damages and attorney's fees pursuant to Ark. Code Ann. § 4-88-113(f).

## DEMAND FOR JURY TRIAL

29. The averments set forth in paragraphs 1-28 are adopted herein and incorporated as if set forth word for word.

30. Torres demands a jury trial on all issues so triable.

6

## **PRAYER**

WHEREFORE, Torres prays that he be awarded:

A. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A);

B. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

C. Actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

D. Actual damages and attorney's fees pursuant to Ark. Code Ann. § 4-88-113(f);

F. Such other and further relief as may be just and proper.

Respectfully submitted,

By: /s/ Todd Wooten
Todd Wooten, Esq.   ABN 94034
**WOOTEN LAW FIRM**
2226 Cottondale Lane, Suite 210
Little Rock, Arkansas 722202
Telephone: (501) 218-6064
todd@wootenlaw.net

*Attorney for Plaintiff*

IN THE DISTRICT COURT OF CRAIGHEAD COUNTY, ARKANSAS

MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO HSBC BANK NEVADA, NA
                                                                                                      PLAINTIFF

VS.                                NO. C-14-520

Harvey Torres                                                                       DEFENDANT

## COMPLAINT

Plaintiff's Address:        C/O Law Office of Stephen P. Lamb, Attorney
                                        P.O. Box 1027, Beebe, AR 72012, 501-882-9900

Defendant's Address:       111 S OAK, APT 12 Brookland AR 72417

Court Address:             CRAIGHEAD COUNTY DISTRICT COURT
                                    410 W. WASHINGTON JONESBORO AR 72401

1. <u>Nature of Claim</u>:    This case is a suit on an account.

2. <u>Nature and Amount of Relief Claimed</u>: That the Defendant is liable to Plaintiff in the amount of $4597.14, for all court costs incurred and an attorney's fee.

3. <u>Factual Basis of Claim</u>: Defendant received a credit account from Plaintiff's predecessor in interest, as detailed by the documents attached hereto upon which the claim is based. The Defendant made various charges on the account, leaving an outstanding balance due. Plaintiff obtained by assignment all rights, title and interest to the account. The last date of payment on the account is 02/12/2014. The outstanding debt remains unpaid despite the demands of Plaintiff.

    WHEREFORE, Plaintiff prays for Judgment against Defendant in the principal amount of $4597.14, for all current and future court costs, an attorneys fee, and all other proper relief.

Plaintiff's Attorney                       Law Office of Stephen P. Lamb
                                                Stephen P. Lamb, ABA # 79-115
                                                Mac Golden, ABA # 97-156
                                                Attorneys at Law
                                                P.O. Box 1027, Beebe, AR 72012
                                                (501) 882-9900, 501-882-9901

                                                By: _____

EXHIBIT 1

MIDLAND FUNDING LLC, as successor in
interest to HSBC BANK NEVADA, N.A.

    Plaintiff

-vs-                                    AFFIDAVIT OF MARY PIKKARAINE

Harvey Torres,

    Defendant(s).

---

    Mary Pikkaraine, whose business address is 16 Mcleland Road Suite 101, St. Cloud, MN 56303, certifies and says:

1.   I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of MIDLAND FUNDING LLC, the plaintiff in this action. Plaintiff purchases portfolios of delinquent accounts from either the original creditor or a subsequent purchaser of the account, and thereafter assigns the accounts to MCM to be serviced. Plaintiff does not operate and / or maintain a computer system. MCM holds the computer records and account information for accounts purchased by plaintiff. I am a competent person over eighteen years of age, and make the statements herein based upon personal knowledge of those account records maintained on plaintiff's behalf. Plaintiff is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's HSBC BANK NEVADA, N.A. account (hereinafter "the account"). I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on plaintiff's behalf.

2.   I am familiar with and trained on the manner and method by which MCM creates and maintains its business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course

AFFIDAVIT OF MARY PIKKARAINE - 1



AFFRECORD


of business, the record or compilation is made at or near the time of the act or event. The relevant financial information concerning the account includes the following:

3. MCM's records show that the defendant(s) owed a balance of $4597.14 as of 2014-05-07.

I certify under penalty of perjury that the foregoing statements are true and correct.

MAY 15 2014
Date

Mary Pikkaraine

STATE OF MINNESOTA

COUNTY OF STEARNS

Signed and sworn to (or affirmed) before me on MAY 15 2014 by Mary Pikkaraine.


EMILY PERSONS
Notary Public - Minnesota
My Commission Expires Jan. 31, 2018

Notary Public

My commission expires:_____

AR7
Law Office of Stephen P. Lamb

AFFIDAVIT OF MARY PIKKARAINE - 2

 
AFFRECORD


| Field | Field Data |
| --- | --- |
| account | ■■■■■ |
| D1SSN | ****■■■ |
| D1Name | TORRES, HARVEY |
| D1Street1 | PO BOX 612 |
| D1City | BROOKLAND |
| D1State | AR |
| D1ZipCode | 72417 |
| D1HomePhone | 2223163459 |
| OpenDate | 3/5/2011 |
| LPD | 2/1/2012 |
| lastpaidamt | -150.00 |
| ChargeOffDate | 2/29/2012 |
| Sale Amount | 4647.14 |
| StatementBal | 4647.14 |

Data printed by Midland Credit Management, Inc. from electronic records provided by BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC pursuant to the Bill of Sale / Assignment of Accounts transferred on or about 5/8/2013 in connection with the sale of accounts from BUREAUS INVESTMENT GROUP PORTFOLIO NO. 15, LLC to Midland Funding LLC.

CRAIGHEAD COUNTY
DISTRICT COURT

IN THE DISTRICT COURT OF
CRAIGHEAD COUNTY, ARKANSAS

2014 OCT -1 P 3: 29

MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TO HSBC BANK NEVADA, NA
                                                                PLAINTIFF

VS.                        NO. C-14-520

Harvey Torres
                                                                DEFENDANT

## ORDER OF DISMISSAL

On motion of the Plaintiff, MIDLAND FUNDING LLC AS SUCCESSOR IN INTEREST TOHSBC BANK NEVADA, NA, the above-styled case against the Defendant, Harvey Torres, is dismissed without prejudice.

IT IS SO ORDERED.

_____
DISTRICT JUDGE

DATED: 10/1/14

APPROVED AS TO FORM:

By:_____
Law Office of Stephen P. Lamb
Attorneys for Plaintiff
STEPHEN P. LAMB (#79115)
MAC GOLDEN (#97156)
PO Box 1027
Beebe, AR 72012
(501) 882-9900